IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARNEY LONZO,                )
                             )
         Plaintiff,          )
                             )
    v.                       )   No. 06 C 1448
                             )
CITY OF CHICAGO, and WILLIE  )
AQUINO,                      )
                             )
         Defendants.         )

**MEMORANDUM OPINION AND ORDER**

Before me are two separate motions to dismiss brought by defendants the City of Chicago (the "City") and Willie Aquino ("Aquino"). Plaintiff Barney Lonzo ("Lonzo") alleges in his complaint that he is a former employee of the City, and worked as a "seasonal motor truck driver" from November 11, 1998, until he was discharged on August 24, 2005. He contends that at the time he was discharged, Aquino was the "ward superintendent" of the 31st Ward of the City. Lonzo contends that, although he was a seasonal employee, he applied several times for vacant career service positions as a motor truck driver, but was never successful. He alleges that prior to his discharge, the City represented to him that he would receive career service status by July of 2006. Lonzo further alleges that the City has a practice of filling vacant career service motor truck positions based on "political clout and favoritism." Lonzo also contends that Aquino developed animosity toward him after a failed negotiation between the two for Aquino to

purchase an antique car owned by Lonzo. A week after this failed negotiation, Lonzo alleges that Aquino caused him to be discharged, and that his race was a "significant motivating factor" in causing Aquino to bring about his discharge.

Based on these allegations, Lonzo brings (1) a claim under 42 U.S.C. § 1983 against the City for violating his First Amendment rights by denying him a career service position because he lacks political connections; (2) a claim against Aquino under 42 U.S.C. § 1981 for causing Lonzo's discharge from his position because he is African-American; and (3) a state tort claim against Aquino for interfering with prospective economic advantage for causing Lonzo's discharge in part because of his refusal to sell Aquino the antique car at the price Aquino wanted.[1] Lonzo seeks "make whole" relief for the first two claims, and seeks punitive and compensatory damages against Aquino. Defendants subsequently brought separate motions to dismiss under FED. R. CIV. P. 12(b)(6). For the following reasons, I deny the City's motion, and grant Aquino's motion in part and deny it in part.

---

[1] At a hearing on July 19, 2006, in response to a motion by the City for a more definite statement of Lonzo's claims against the City, Lonzo's counsel clarified that Lonzo was not bringing his § 1981 claim against the City, but against Aquino.

I.

In assessing defendants' motions to dismiss, I must accept all well-pled facts in Lonzo's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Lonzo. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper only if Lonzo can prove no set of facts to support that claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

II.

I first address the City's motion. The City's arguments are based on the possibility that Lonzo is bringing a claim for interference with prospective economic advantage against the City. The City argues that if that is the case, that claim should be dismissed because it is barred by the Illinois Tort Immunity Act, 745 ILL. COMP. STAT. ANN. 10/2-109, 201 (2004) (the "TIA"). In addition, the City contends that if this is the case, I should strike Lonzo's request for punitive damages because the TIA prohibits punitive damage claims against the City. *See* 745 ILL. COMP. STAT. ANN. 10/2-102. However, this motion is moot. A review of Lonzo's complaint, and Lonzo's response to the City's motion, reveal that, although Lonzo's complaint does not set forth specific counts, Lonzo's claim for interference with prospective economic advantage is only brought against Aquino, and Lonzo only seeks

3

punitive damages against Aquino. Therefore, I deny the City's motion to dismiss.

III.

Aquino's motion to dismiss is more complicated. Aquino contends, for several reasons, that Lonzo's claim for interference with prospective economic advantage is barred by the TIA, and that Lonzo's request for punitive damages for his state tort and First Amendment claims should also be stricken. I deny Aquino's motion to dismiss Lonzo's state tort claim, but grant his request to dismiss Lonzo's request for punitive damages for that claim.

Aquino argues that two provisions of the TIA prohibit Lonzo's tort claim. First, Aquino points to 745 ILL. COMP. STAT. ANN. 10/2-201, which provides that "a public employee serving in a position involving . . . the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of discretion even though abused." In addition, Aquino argues that Lonzo has not alleged that Aquino had the ability to discharge Lonzo, and points to 745 ILL. COMP. STAT. ANN. 10/2-204 that provides that "a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." Finally, Aquino contends that even if the TIA does not bar this claim, Lonzo cannot allege that he had a "reasonable expectation of continued

4

employment" as required to establish the tort, because Lonzo alleges that he was only a seasonal worker with the City.

I first address Aquino's arguments about Lonzo's state tort claim. The sections of the TIA upon which Aquino relies provide affirmative defenses. *See Michigan Ave. Nat'l Bank v. County of Cook*, 191 Ill.2d 493, 503, 247 Ill. Dec. 473, 480, 732 N.E.2d 528, 535 (2000). Although a plaintiff normally need not anticipate or negate affirmative defenses in a complaint, if a plaintiff pleads facts that show that his claim is without merit, a plaintiff can "plead[] himself out of court." *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (internal citations omitted). To plead himself out of court, a plaintiff's complaint must "admit[] all the elements of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Based on these principles, Lonzo has not pled himself out of court. The TIA does provide that public employees acting in the scope of their employment are not liable for injuries caused by another person, *see* 745 ILL. COMP. STAT. ANN. 10/2-204, but here Lonzo has alleged that Aquino caused him to be discharged. Therefore, Lonzo has sufficiently alleged Aquino caused his injuries. Second, as to Aquino's argument that 745 ILL. COMP. STAT. ANN. 10/2-201 protects public employees from acts in determining policy when acting in the exercise of discretion, this provision does not protect public employees where their acts were based on

5

"corrupt or malicious motives." *Youker v. Schoenenberger*, 22 F.3d 163, 168 (7th Cir. 1994) (internal citations omitted). A plaintiff must plead facts specifically showing that this is the case. *Id.* Here, Lonzo has done so by alleging that Aquino caused Lonzo's discharge because of Lonzo's race and because of personal animosity toward him stemming from the failed car sale. Therefore, although the TIA may ultimately bar Lonzo's claims, Lonzo has not pled himself out of court.

In the alternative, Aquino contends that Lonzo's tort claim should be dismissed because Lonzo, as a seasonal worker, cannot show that he had any reasonable expectation of continued employment with the City. To establish a claim for interference with prospective economic advantage, Lonzo must show that (1) he had a reasonable expectation of entering into a valid business relationship (i.e., continued or permanent employment); (2) Aquino knew of his expectation; (3) Aquino purposefully interfered to prevent the fulfillment of Lonzo's legitimate expectation; and (4) he suffered damages resulting from such interference. *See Burrell v. City of Mattoon*, 378 F.3d 642, 652 (7th Cir. 2004) (citing *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170-71 (7th Cir.1993); *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 511, 154 Ill. Dec. 649, 657, 568 N.E.2d 870, 878 (1991)). Lonzo has alleged that, although he was only a seasonal worker, the City had represented to him that it would afford him career service status

by July of 2006. While this is a tenuous fact on which to allege that Lonzo had a legitimate expectation of continued employment, under the rules of notice pleading it is enough to survive a motion to dismiss.

Aquino also argues that Lonzo's claim for punitive damages against him under his state tort and First Amendment claims should be dismissed because these damages are barred by 745 ILL. COMP. STAT. ANN. 10/2-102 and because Lonzo has not alleged that Aquino was personally involved in his dismissal. The second argument is without merit; as discussed above, Lonzo alleged that Aquino caused his discharge. In addition, Lonzo has not brought his First Amendment claim against Aquino, but rather only against the City. As to his state tort claim, the relevant provision of the TIA provides:

> [N]o public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

745 ILL. COMP. STAT. ANN. 10/2-102. Lonzo provides no response why this provision does not bar punitive damages for his state law tort claim, and there is no other basis to conclude that it would not apply. Therefore, I grant Aquino's motion to dismiss Lonzo's request for punitive damages for his state tort claim.

IV.

For the above reasons, the City's motion to dismiss is denied, and Aquino's motion to dismiss is granted in part and denied in part. I therefore dismiss Lonzo's request for punitive damages against Aquino for his claim for interference with prospective economic advantage.

**ENTER ORDER:**

*Elaine E. Bucklo*
United States District Judge

Dated: November 13, 2006